UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| D & G HOLDINGS, LLC | CIVIL ACTION NO. 08-0373 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL O. LEAVITT, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order and for Order Directing Defendant to Show Cause Why Preliminary Injunction Should Not Issue filed by Plaintiff D & G Holdings, LLC. See Record Document 2. Effective March 18, 2008, the Centers for Medicare and Medicaid Services ("CMS") suspended Plaintiff's Clinical Laboratory Improvement Amendments of 1988 ("CLIA") certificate without an administration hearing pursuant to 42 U.S.C. §263a(i)(2). In the motion, Plaintiff seeks injunctive relief and asks the Court to lift the suspension of its CLIA certificate issued by the CMS until such time as an administrative hearing is conducted.

To obtain a temporary restraining order, Plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury to the plaintiff absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. See ICEE Distributors, Inc. v. J&J Snack Foods Corp., 325 F.3d 586, 597 n. 34 (5th Cir. 2003); Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001); Garcia v. U.S., 680 F.2d 29, 31 (5th Cir. 1982). The Court will focus on requirements one and two: a substantial likelihood of success on the merits and a substantial threat of irreparable injury to the plaintiff absent an injunction.

In the complaint, Plaintiff prays that the Court declare 42 U.S.C. § 263a(i)(2) unconstitutional because it does not afford due process under the law as required by the Fifth Amendment, specifically for the statute's failure to allow for a hearing prior to suspension of a CLIA certificate. In <u>Collum v. Arkansas Dept. of Health & Human Services</u>, No. 06-1496, 2007 WL 1238726 (E.D.Ark. April 27, 2007), the plaintiffs argued that the CMS violated their right to substantive and procedural due process by arbitrarily suspending their certificate without a hearing. The <u>Collum</u> court reasoned:

> Since lab certifications do not meet the definition of a liberty interest [a fundamental American right], the certification must be shown to be a property interest.
>
> . . .
>
> Neither the CLIA, nor its regulations create a property interest in laboratory certifications. So, without a property interest, due process is not required to suspend such certifications. [The CMS] had complete discretion to make a decision to suspend Plaintiffs' lab certification. Plaintiffs may seek an administrative remedy without invoking the Constitution.
>
> Even if I found that the CLIA created a property interest in lab certifications there remains no legal basis for a procedural or substantive due process claim. The post deprivation process under the CLIA is adequate to meet procedural due process requirements. Moreover, Plaintiffs did not allege sufficient facts to support a substantive due process claim, because there are no allegations that [the CMS] acted in a deliberate, irrational, and conscious-shocking manner.

<u>Id.</u> at *4. While <u>Collum</u> is only persuasive authority, the Court finds that its reasoning to be sound. As stated in <u>Collum</u>, this Court believes that the post deprivation process provided under the CLIA is adequate to meet procedural due process requirements. Moreover, while Plaintiff has alleged in conclusory fashion that Defendant made certain "deliberate, irrational and conscious shocking" decisions, this Court does not believe that the specific facts plead support a substantive due process claim. Plaintiff is free to amend its complaint; yet, at this stage of the litigation, it has failed to establish a substantial

likelihood of success on the merits as to its constitutional challenge based on due process.

Plaintiff also argues that the suspension of its CLIA certificate will have an immediate and irreparable impact on not only its business, but also thousands of individuals and companies served by its lab. Specifically, the plaintiff contends:

> If the CLIA certificate suspension stands for any length of time, . . . clients will be forced to seek laboratory testing elsewhere, a difficult task considering that [the lab] is the only referenced lab servicing nursing homes in the area, which, in turn, would cause either medically necessary laboratory test to be delayed or not performed at all.

Record Document 2-2 at 6. The central inquiry in deciding whether there is a substantial threat of irreparable harm *to the plaintiff* is whether the plaintiff's injury could be compensated by money damages. See City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983) (emphasis added).[1] Here, the Court finds that any damage suffered by Plaintiff as a result of the suspension of its CLIA certificate can be compensated by money damages. In fact, at times during the Court's March 19, 2008 status conference, it appeared Plaintiff's counsel made this concession.

Accordingly,

Because Plaintiff has failed to make a showing of a substantial likelihood of success on the merits and a substantial threat of irreparable injury absent an injunction, the Motion for Temporary Restraining Order (Record Document 2) is **DENIED**. Plaintiff is hereby ordered to serve Defendant with the Complaint (Record Document 1) and the Motion for

---

[1] Plaintiff's argument regarding harm to third parties is more appropriately entertained in the context of the fourth requirement, that the injunction would not undermine the public interest. As stated during the March 19, 2008 status conference, the Court is aware of the geographical location of Plaintiff's laboratory. However, Plaintiff has not convinced the Court that the nursing homes and other clients in that area would be unable to find and/or unduly burdened in finding alternate laboratories to perform necessary medical services.

Temporary Restraining Order and for Order Directing Defendant to Show Cause Why Preliminary Injunction Should Not Issue (Record Document 2) in accordance with the Federal Rules of Civil Procedure, and to file proof of such service in the record.  Once Defendant has appeared, the Court will take up further proceedings regarding the Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of March, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE